RUDOLPH WURLITZER CO. v. DRAGANIC.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9002.    Decided May 21, 1928.

Syllabus by Editorial Staff.

677.  JUDGMENTS AND DECREES—941.
Practice and Procedure.

Court cannot, after term, summarily change that which has been disposed of at prior term.

Error to Municipal Court.

Judgment reversed.

Wm. R. Pringle, Cleveland, for Wurlitzer Co.

Thorman & Goldman, Cleveland, for Draganic.

### FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Municipal Court of the City of Cleveland, and it is to reverse a finding made by the Municipal Court against the plaintiff in error.

From the record we learn that The Rudolph Wurlitzer Company was plaintiff in the Municipal Court and brought its action for a balance due for the purchase of a player piano and service was had upon the defendant company who filed an answer and counterclaim asking for a judgment on his counterclaim for damages because, I believe, the player piano was not in accordance with the warranties. The case came up for hearing in the regular way on the 20th of October, 1927, and the transcript of that date shows the following:

"To Court. Case called. Parties in Court. Trial had; court finds for the defendant."

On the 25th day of October the transcript shows this entry:

"To Court. Neither party desiring a new trial, it is considered that defendant go hence without day and recover of plaintiff his costs of suit. Judgment rendered against plaintiff for its costs herein."

This would seem to have been a final disposition of this case, but on the 4th of January, 1928, at a subsequent term of the Municipal Court, one of the Judges of said Court, without any notice or information to the plaintiff, who might have been perfectly satisfied with the finding against it for costs, if there were no other findings, on this day in January at a subsequent term the Court, without information or notice to the plaintiff, made the following entry:

"To Court. The entry of October 19, 1927, amended to read as follows: 'Finding for defendant on its statement of claim and for the defendant on his counter claim. Damages on the latter finding assessed at $162.00 and costs. Judgment rendered accordingly."

Now it is to reverse that judgment thus rendered that error is prosecuted here. A majority of the court thinks that the judgment must be reversed as the court had lost jurisdiction of the case and could not, in a summary manner, correct it after term. We are not holding that the defendant, if his counterclaim was not disposed of, is without remedy. If he should fear that if a new suit was brought on his counterclaim he would be met with a plea of res adjudicata, there is still another remedy which is purely statutory, and that is that he could file a petition in the Municipal Court to vacate and change that former entry, and the plaintiff below would have to be served with a summons and thus have his day in court, but after the term the court cannot summarily change what had been disposed of at a prior term of court. That seems to be so elementary that it hardly needs discussion and that that is the way in which this case was disposed of, one has only to read the journal entries, to learn.

It is argued that the counterclaim was not disposed of. There is no reservation in the journal entries that were filed to show that the disposition of the counterclaim was retained for further consideration by the court, and consequently the court was wrong in making this change at a subsequent term of court and for that reason the judgment will be reversed as being contrary to law and remanded to the trial court.

(Sullivan, P.J., concurs. Levine, J., dissents.)